**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLORIA D. FIELDS, | ) | |
| | ) | Case No. 15 C 4581 |
| *Plaintiff,* | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| THE BOARD OF EDUCATION OF | ) | Magistrate Judge Susan E. Cox |
| THE CITY OF CHICAGO and | ) | |
| CHAD P. WEIDEN, PRINCIPAL, | ) | |
| | ) | |
| *Defendants.* | ) | |

**CHAD P. WEIDEN'S PARTIAL MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

Defendant Chad P. Weiden ('Weiden") by and through undersigned counsel of record, moves this Court to dismiss certain claims for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6). In support thereof, Defendant Weiden submits as follows:

**I. INTRODUCTION**

Plaintiff Gloria Fields ("Plaintiff"), filed suit against Defendant Weiden and the Board of Education of the City of Chicago (the "Board") alleging discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, and discrimination based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623. To the extent Plaintiff is suing Defendant Weiden in his official capacity, all claims must be dismissed. To the extent Plaintiff is suing Defendant Weiden pursuant to Title VII or the

ADEA, Plaintiff's claims must be dismissed as he does not meet the statutory definition of an "employer" under Title VII or the ADEA.

## II.  FACTS

Plaintiff filed EEOC Charge 440-2015-03744 on April 27, 2015  (Docket #1, pg. 13; Docket #18, pg. 19).  In charge 440-2015-03744, Plaintiff names "Chicago Public Schools" as the entity Plaintiff believes discriminated against her.  No other party is named in the charge and allegations against any specific party are claimed in the section of the charge containing the particulars of Plaintiff's charge.  The EEOC issued a Dismissal and Notice of Rights in Charge 440-2015-03744 to Plaintiff on April 27, 2015.  (Docket #1, pg. 14; Docket #18, pg. 20).

The Complaint in the instant case was filed on May 26, 2015 and amended on June 23, 2015 and names the Board of Education of the City of Chicago and Chad P. Weiden as defendants.  (Docket ## 1, 18).

## III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The pleadings standard is satisfied when the factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56.  While the court takes as true all facts alleged by the claimant and draws all reasonable inferences from those facts in the claimant's favor, conclusory allegations are not entitled to this presumption of truth.  *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

2

IV. ARGUMENT

### A. The Claims Asserted Against Defendant Weiden In His Official Capacity Are Redundant to Those Claims Asserted Against The Board Of Education Of The City Of Chicago

"Official capacity suits are basically another way of pleading an action against the entity for which the officer is an agent." *Kerry M. v. Manhattan School District #114,* No. 03 C 9349, 2004 WL 2538303 (N.D. Ill. September 28, 2004) (*citing Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). A claim brought against a governmental official in his official capacity receives the same treatment as the government for which he works. *Cunliffe v. Wright*, 51 F.Supp.3d 721, 730 (N.D. Ill. 2014). *See also Grieveson v Anderson*, 38 F.3d 763, 771 (7th Cir. 2008) (*citing Pourhoraishi v. Flying J. Inc.,* 449 F.3d 751, 765 (7th Cir. 2006)). Where a governmental official's employer has been named as a defendant, dismissal of an individual defendants sued in their official capacities is appropriate. *Michael M. v. Bd. of Educ. of Evanston Tp. High Sch. No. 202*, No. 09 C 797, 2009 WL 2258982, at *2 (N.D. Ill. July 29, 2009) (dismissing claims against individual defendants in their official capacities as redundant when the municipal entity employer was also a named defendant).

Because the official capacity claims against Defendant Weiden and the claims against the Board are treated the same by the Court, all claims against Defendant Weiden in his official capacity are redundant. Defendant Weiden respectfully requests that all claims asserted against him in his official capacity be dismissed with prejudice.

### B. The Title VII and ADEA Claims Asserted Against Defendant Weiden Fail As A Matter Of Law Because Neither Title VII Nor ADEA Permit Individual Liability

3

Under the ADEA, an "employer" is defined as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks n the current or preceding calendar year … The term also means (1) any agent of such a person." 29 U.S.C. § 630(b). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such a person." 42 U.S.C. 20003(b).

While the definition of an employer under both Title VII and the ADEA refer to "any agent of such a person," the Seventh Circuit has held that neither Title VII nor the ADEA provide for "individual liability" for agents who do not otherwise meet the statutory definition of an employer. *See Horwitz v. Board of Education*, 260 F.2d 602, 610 (7th Cir. 2001)(plaintiff was correct to only name her employing entity as a defendant "as we have suggested that there is no individual liability under the ADEA".); *Cianci v. Pettibone Corp.,* 152 F.3d 723, 729 (7th Cir. 1998) ("[W]e decline invitation to reconsider our decision holding that individual supervisors who are not otherwise employers cannot be sued under Title VII or the ADEA."); *Csoka v. United Stated Gov't.,* No. 94-1204, 1996 WL 467654, *5 (7th Cir. August 12, 1996) ("The ADEA, like Title VII, does not authorize individual liability claims against these employees"); *EEOC v. AIC Sec. Investigations,* 55 F.3d 1276, 1282 (7th Cir. 1995)("[I]ndividuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the ADA" recognizing that such a holding "obviously affects the resolution of the very similar questions under Title VII and the ADEA."); *Matthew v. Rollins Huding Hall Co.,* 72 F.3d

4

50, 52 (7th Cir. 1995)(noting that individuals cannot be held liable under the ADA, and recognizing that the same principles applied to plaintiff's ADEA claim,)

Here, Plaintiff has asserted two claims under Title VII and the ADEA against Defendant Weiden. While she has not stated with specificity that Defendant Weiden is acting as "an agent" of the Board, Plaintiff has stated that "these actions were all sanctioned by the first defendant; the Board of Education of the City of Chicago." Docket #18, pg. 4). Any actions taken by Defendant Weiden were taken in his official capacity as a school principal, but other than this "agency" relationship, nowhere in Plaintiff's First Amended Complaint does Plaintiff plead any facts to suggest that Defendant Weiden meets the statutory definition of an "employer" under either Title VII or the ADEA. (Docket #18).

The Seventh Circuit has clearly held that a supervisor cannot incur individual liability solely for having been an agent of an employer, and Plaintiff has failed to allege that Defendant Weiden otherwise falls within the definition of an "employer" under Title VII or the ADEA. Therefore, her claims against Defendant Weiden fail as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Defendant Chad P. Weiden respectfully requests the Court dismiss with prejudice all claims against him in his official capacity and all Title VII and ADEA claims against him with prejudice.

Respectfully submitted,

JAMES L. BEBLEY,

5

General Counsel

By:     s/ Abbe M. Feitelberg
       Abbe M. Feitelberg
       Assistant General Counsel
       Board of Education of the City of Chicago –
       Law Department
       1 N. Dearborn, Suite 900
       Chicago, IL 60602
       (773) 553-1700

**<u>CERTIFICATE OF SERVICE</u>**

  I, Abbe M. Feitelberg, certify that I caused the attached **Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Jury Demand** to be served upon *pro se* Plaintiff *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), and *via* U.S. Mail to Gloria D. Fields, 6166 N. Sheridan Road, #6D, Chicago, IL 60660 on this 17th day of July 2015.


           <u>s/Abbe M. Feitelberg</u>